B 104 [08/07]

## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

---

**PLAINTIFFS**
ROLANDO F. ABELLA; an individual and JOSEPHINE I. ABELLA; an individual.

**DEFENDANTS**
GREGORY SCOTT BEAUCHAMP; an individual

```
Case # : 09-90482-PBAD
Debtor.: ABELLA
Judge..: PETER BOWIE
Chapter: AD
----------------------------------
Filed  : October 19, 2009  09:59:34
Deputy : JESUS DUNEGHY
Receipt: 206774
Amount : $250.00
----------------------------------
```

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Jack F. Fitzmaurice Esq. / Fitzmaurice & Demergian
1061 Tierra del Rey, Suite 204
Chula Vista, CA 91910
(619) 591-1000

**ATTORNEYS** (If Known)

---

**PARTY** (Check One Box Only)
- [ ] Debtor
- [x] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**PARTY** (Check One Box Only)
- [x] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

---

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C §523(a)(6); Slander of Title. For willful and malicious injury by debtor to the property of another.

---

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 - Recovery of money/property - § 542 turnover of property
- [ ] 12 - Recovery of money/property - § 547 preference
- [ ] 13 - Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- [ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 - Dischargeability - § 523(a)(5), domestic support
- [x] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 - Dischargeability - § 523(a)(8), student loan
- [ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 - Injunctive relief - reinstatement of stay
- [ ] 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01 - Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- [x] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

- [x] Check if this case involves a substantive issue of state law
- [ ] Check if a jury trial is demanded in complaint
- [ ] Check if this is asserted to be a class action under FRCP 23

Demand $ 1,000,000.00

Other Relief Sought
Quiet Title, Equitable Relief.

B 104

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Gregory Scott Beauchamp | | BANKRUPTCY CASE NO.<br>09-11540-PB7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern California | DIVISIONAL OFFICE | NAME OF JUDGE<br>Hon. Peter W. Bowie |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>October 15, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jack F. Fitzmaurice, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 104

Jack F. Fitzmaurice, Esq. SBN 061129
FITZMAURICE & DEMERGIAN
*An Expense Sharing Association -*
*Not a Partnership or Joint Endeavor*
1061 Tierra del Rey, Suite 204
Chula Vista, California 92101
619-591-1000 Offices

Attorney for Plaintiff/Creditor
EL CAMINO TRANSFERENCIAS, Inc.
A California corporation



FILED
ENTERED
LOGGED
RECEIVED

OCT 19 2009

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

## UNITED STATES BANKRUPTCY COURT
### Southern District of California

| | |
|---|---|
| In Re: | **Bankruptcy No.:09-11540-PB7** |
|     GREGORY SCOTT BEAUCHAMP | **Adversary No.:** 09- 90482 |
|         Debtor, | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT FOR** |
| ROLANDO F. ABELLA; an individual and JOSEPHINE I. ABELLA; an individual. | **1) SLANDER OF TITLE, and 2) QUIET TITLE.** |
|         Plaintiffs, | |
| v. | |
| GREGORY SCOTT BEAUCHAMP; an individual, | |
|         Defendant. | |

COMES NOW Plaintiffs ROLANDO F. ABELLA and JOSEPHINE I.

ABELLA (hereinafter "Abellas" or "Plaintiffs") and allege as

follows:

### I.

### GENERAL ALLEGATIONS

1. Plaintiffs, Rolando F. Abella and Josephine I. Abella, as Co-

Trustees Of The Jasper Family Trust UDT dated January 1, 2006,

are the owners of real property located in the County of San

Diego, State of California, commonly known as the Leucadia Inn

-1-

by the Sea (hereinafter "Leucadia Inn") located at 960 N. Coast Highway 101, Encinitas, CA 92024, which is legally described as follows:

> "All that certain real property situated in the County of San Diego, State of California, described as follows:
>
> Lot 8 in Block 3 of South Coast Park No. 2, in the City of Encinitas, County of San Diego, State of California, according to Map thereof No. 1859, filed in the Office of the County Recorder of San Diego County on September 21, 1925.
>
> EXCEPTING from said Lot 8 the Northeasterly 20.00 feet thereof No. as described in Deed to the State of California, recorded May 28, 1935 in Book 402, Page 296 of Official Records."

Bearing Assessor's Parcel Number:  254-313-01

2. Defendant, Beauchamp, is an individual who, during the relevant time period, and at all times herein mentioned was, a resident of the city of Encinitas and County of San Diego, in the State of California.

3. This adversary proceeding is commenced under Fed.R.Bankr.P. Rule 7001(6) by Plaintiffs the Abellas, seeking a determination of nondischargeability of the debt owed to Plaintiff by Defendant pursuant to 11 U.S.C. Section 523(a)(6). This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

## II.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 & 1334.

///

///

-2-

5. Venue is proper in this district by virtue of 28 U.S.C. Section 1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this district.

## III.

### ALLEGATIONS OF FACT COMMON TO ALL CAUSES OF ACTION

6. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 5 hereof as though fully set forth herein.

7. On or about July 18, 2003, Plaintiffs the Abellas, as joint tenants, purchased a motel, the Leucadia Inn. A true and correct copy of the Grant Deed recorded July 18, 2003 is attached hereto as Exhibit "A".

8. On or about February 9, 2006, the Abellas quitclaimed their joint tenancy interest in the Leucadia Inn to their family living trust, the Jasper Family Trust UDT dated January 1, 2006. A true and correct copy of the Quitclaim Deed is attached hereto as Exhibit "B".

9. On or about August, 2006 Defendant Beauchamp was employed by a general building contractor and real estate broker named Patrick John Conlon (hereinafter "Conlon"), a Defendant together with Defendant Beauchamp in an ongoing litigation before the Superior Court of California, County of San Diego bearing case number GIN057452.

10. Contractor Conlon was employed by the Abellas as a general building contractor, and thereafter he leased the second floor of the Leucadia Inn. The second floor consisted of four small motel units which Conlon was to convert into his administrative office. Accordingly, Conlon hired Defendant Beauchamp as a carpenter/handyman in connection with the

-3-

tenant improvement work that Conlon was engaged in at the Leucadia Inn. Further, in September, 2006 Defendant Beauchamp also commenced employment as a real estate salesperson with real estate broker Conlon.

11. Having said that, on or about November 28, 2006, the Abellas, (1) being the sole and lawful owners of The Leucadia Inn, and (2) never having any dealings with Defendant Beauchamp or knowing who Defendant Beauchamp was at that time, were served with a 3-day Notice to Quit, a true and correct copy is attached hereto as Exhibit "C" and incorporated herein by its reference.

12. The 3-day notice was served by a law firm which had been retained by Defendant Beauchamp to proceed with an eviction process and unlawful detainer action against Plaintiffs. A true and correct copy of the letter is attached hereto as exhibit "D" and incorporated herein by its reference.

13. Plaintiffs are informed and believe that Defendant Beauchamp claimed ownership of Leucadia Inn in derogation of the title of the Abellas. Defendant Beauchamp does so as follows:

a) By way of a certain one page document referred to as "Acceptance," etc. bearing the signature of Defendant Beauchamp and the date of August 13, 2006. A copy of said document is attached hereto as Exhibit "E" and incorporated herein by its reference; and

b) By way of a certain one page document referred to as "Offer to Sell" and bearing date of August 14, 2006. Said "Offer to Sell" bears the forged signature of Rolando F. Abella. A

-4-

copy of said "Offer to Sell" is attached hereto as Exhibit "F" and incorporated herein by its reference.

14. In truth and in fact, Plaintiffs had never had any dealings with Defendant Beauchamp prior to the commencement of the Superior Court action. Moreover, Plaintiffs had never seen nor were they aware of the existence of the "Acceptance", etc. or the "Offer to Sell" documents identified in subparts (a) and (b) of the paragraph next above.

15. The alleged signature of Plaintiff Rolando Abella appearing upon the purported "Offer to Sell" is a forgery created by utilizing a cut and paste, scan and print copy of the signature of Plaintiff Rolando F. Abella appearing upon that certain Quitclaim Deed filed of record in the Official Records of the County of San Diego Document no. 2006-0097156 dated February 9, 2006; a copy of which is attached hereto as Exhibit "B".

16. A complaint in unlawful detainer having been filed by Plaintiffs against Tenant/Contractor/Broker Conlon on November 3, 2006. Conlon filed and served an answer to the Abellas unlawful detainer complaint on November 13, 2006. Immediately thereafter Defendants Beauchamp together with Conlon, in combination and conspiracy to the detriment of Plaintiffs, caused the following events to occur:

(a) On November 16, 2006, execution and recording in the Official Record of the County of San Diego of a Grant Deed purporting to be an "intra trust transfer" of the title to the Leucadia Inn from Gregory Scott Beauchamp, trustee, Jasper Family Trust, UDT 8/14/06 to Gregory Scott

-5-

Beauchamp, a married man as his sole and separate property. A copy of such Grant Deed is appended hereto as Exhibit "G" and incorporated herein by its reference.

(b) On November 28, 2006, a 3-day notice to quit was served upon Plaintiffs seeking to evict them from Leucadia Inn as discussed herein above.

(c) On December 5, 2006, the opening of a loan escrow by Conlon for Defendant Beauchamp for the purpose of documentation and recordation of loan recurred by Leucadia Inn.

(d) On December 5, 2006, Conlon loan opportunity circular soliciting funds for loan secured by Leucadia Inn. A copy of said circular is attached hereto as Exhibit "H" and incorporated herein by its reference; and

(e) On February 22, 2007, the close of $150,000 loan secured by Leucadia Inn as collateral. See deed of trust attached hereto as Exhibit "I" and incorporated herein by its reference.

17. The Abellas Jasper Family Trust was in fact created on January 1, 2006 rather than 8/14/16. The Abellas have always been and continue to be the only co-trustees and beneficiaries of their family trust. At no time did the Abellas ever appoint Gregory Scott Beauchamp as trustee or successor trustee of their family living trust.

18. At no time prior to November 16, 2006 or thereafter did the Abellas convey, sell or transfer or otherwise consent to convey, sell or transfer the subject property to Defendant Beauchamp; especially where, as here, there was no authority

-6-

at any time, express or implied, to appoint Defendant Beauchamp as trustee of the Abellas' family living trust. Defendant Beauchamp was a third party who had no personal or business relationship with the Abellas, ever. The Abellas at no time have revoked their existing trust to replace it with the "Jasper Family Trust UDT 8/14/2006" reflected in the November 16, 2006 Grant Deed executed by Defendant Beauchamp. Nor have the Abellas transferred the subject property from their trust to any other trust.

19. Plaintiffs are informed and believe and therefore allege that Defendant Beauchamp, who was at the time employed by Contractor/Tenant Conlon, cause to be recorded the November 16, 2006 Grant Deed without Plaintiffs' knowledge or consent. Moreover, Plaintiffs are informed and believe and therefore allege that Defendant Beauchamp have offered the subject property for sale to third parties.

20. On December 4, 2006 at approximately 7:58 pm, a man called the Abellas and identified himself as George Constantino, with caller ID registering telephone number (336) 765-3560. Mr. Constantino indicated that he saw an advertisement in the paper in North Carolina selling the property for $49,000, the advertising featuring the property as a "steal". The Abellas called Mr. Constantino and attempted to get some more information from the caller, but he hung up. The Abellas called him again to ask the name of the newspaper that placed the advertisement and he asked if there was something wrong because it's a steal. He then said, "Never mind," and hung up.

-7-

The approximate market value of the subject property is on or about One Million Dollars ($1,000.000.00).

21. In addition, on December 14, 2006, Defendant Beauchamp served an unlawful detainer complaint against Plaintiff Rolando Abella, a copy of which is attached hereto as Exhibit "J" and incorporated herein by its reference.

22. The unlawful detainer complaint alleged that Defendant Beauchamp purchased the subject property for value from Plaintiff Rolando Abella and that Rolando Abella was to vacate the premises upon close of escrow of the subject property.

### FIRST CAUSE OF ACTION
### SLANDER OF TITLE
### 11 USC §523(a)(6)
### (as against Defendant Beauchamp)

23. Plaintiffs incorporate paragraphs 1 through 22 of the common allegations of the complaint as set forth in full herein.

24. On November 29, 2006 Plaintiffs discovered at the San Diego County Recorder's office that the subject property had in fact been transferred to Defendant Beauchamp on or about November 16, 2006 by Defendant Beauchamp as "Trustee, of the Jasper Family Trust, UDT 8/14/2006". Defendant caused to be recorded the November 16, 2006 Grant Deed without Plaintiffs' knowledge or consent.

25. The representations made by Defendant that he is the trustee of the Jasper Family Trust were in fact false and known by Defendant to be false.

26. On November 16, 2006, Defendant intentionally, willfully, and maliciously slandered the title of Plaintiffs. At that time Defendant Beauchamp made a malicious publication of a

-8-

falsehood clouding the title to the subject property, disparaging the quality and value of subject property, which caused material and substantial interference with Plaintiffs' title to the subject property.

27. The net effect of the above maneuvers was that title was transferred by Defendant to himself without the express or implied consent of Plaintiffs and for no consideration. On December 14, 2006, Defendant initiated an eviction action against Plaintiff Rolando Abella under false pretenses as to the ownership and right of possession to the subject property. Defendant falsely alleged in his unlawful detainer complaint, that he purchased the property from Plaintiff Rolando Abella.

28. Not only was Defendant Beauchamp's acts intentional, wrongful, and done with wanton disregard for the legal rights of the Plaintiffs, but the actions were also done with the highest degree of actual malice in that Defendant did so knowing full well that Plaintiffs are the lawful owners of the subject property. When Defendant made these representations, he knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and the public in the manner hereafter alleged.

29. As a proximate result of the intentional and wrongful conduct of Defendant as herein alleged, Plaintiffs incurred losses by reason of which Plaintiff have been damaged in a sum of ONE MILLION DOLLARS ($1,000,000.00), plus attorneys fees and costs.

///

-9-

30. The circumstances by which this act was committed by Defendant were despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
### QUIET TITLE
### (as against Defendant Beauchamp)

31. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 30 hereof as though fully set forth herein.

32. On or about July 18, 2003, Plaintiffs, as joint tenants, purchased the subject property from Susanne Revis.

33. On or about February 9, 2006, Plaintiffs quitclaimed their joint tenancy interest in the subject property to their family living trust, the Jasper Family Trust dated January 1, 2006.

34. On or about November 28, 2006, Plaintiff Rolando Abella was served with a 3-day Notice to Quit from Beauchamp's counsel. Defendant's counsel served a letter which was attached to the Notice to Quit which informed Plaintiffs that the law firm had been retained to proceed with an eviction process and unlawful detainer action against Plaintiffs.

35. At no time prior to November 28, 2006 or anytime thereafter have Plaintiffs conveyed, sold or transferred the subject property to anyone, nor were Plaintiffs aware that the Leucadia Inn had been transferred to any third party. On November 29, 2006 Plaintiffs discovered at the San Diego County Recorder's office that the subject property had in fact been fraudulently transferred to Defendant on or about

-10-

1    November 16, 2006 by Defendant as "Trustee, of the Jasper
2    Family Trust, UDT 8/14/2006".

3  36. At no time prior to November 16, 2006 or thereafter did
4    Plaintiffs convey, sell or transfer or otherwise consent to
5    convey, sell or transfer the subject property to Defendant
6    Beauchamp, especially where, as here, there was no authority
7    at any time, express or implied, to appoint Defendant
8    Beauchamp, as trustee of Plaintiffs' family living trust.
9    Defendant Beauchamp is a third party who has no personal or
10   business relationship with Plaintiffs. Plaintiffs at no time
11   have revoked their existing trust to replace it with the
12   "Jasper Family Trust UDT 8/14/2006" reflected in the November
13   16, 2006 Grant Deed executed by Defendant. Nor have Plaintiffs
14   transferred the subject property from Plaintiffs' trust to any
15   other trust.

16  37. Plaintiffs are informed and believe and thereon allege that
17   Defendant Beauchamp caused to be recorded the November 16,
18   2006 Grant Deed without Plaintiffs' knowledge or consent.
19   Moreover, Plaintiffs are informed and believe and thereon
20   allege that Defendant has offered the subject property for
21   sale to third parties.

22  38. Plaintiffs have no adequate remedy at law for the injuries
23   being suffered as a result of Defendant's conduct. Unless and
24   until this court quiets title in favor of Plaintiffs,
25   Defendant's conduct will cause great and irreparable injury to
26   Plaintiffs. The approximate market value of the subject
27   property is on or about ONE MILLION DOLLARS ($1,000.000.00).
28  ///

-11-

\\Jfserv\serv\cases\1464P\Beauchamp Bankruptcy\Adversary Complaint.doc

39. As a proximate result of Defendant Beauchamp's conduct, Plaintiffs will be further damaged in like manner as long as Defendant Beauchamp possesses title to the subject property. The full amount of the damages is not now known to Plaintiffs, and Plaintiffs will amend this complaint to state the amount when the amount becomes known.

40. Defendant Beauchamp deliberately and maliciously interfered with Plaintiffs' use of the subject property for the purpose of injuring Plaintiffs and showed a reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs are entitled to exemplary or punitive damages in an amount to be determined at trial.

///
///
///

**WHEREFORE,** Plaintiff prays for judgment against Defendants, each and all, as follows:

**FIST CAUSE OF ACTION:**

1. For damages in the amount of $1,000,000; and

2. For interest from and after November 16, 2006 until entry of judgment; and

3. For reasonable attorney's fees and costs; and

4. For punitive damages in the amount this court deems proper;

5. For any such other relief as the court may deem proper.

**SECOND CAUSE OF ACTION:**

1 An order quieting title in favor of Plaintiffs; and

2 For reasonable attorney's fees and costs; and

-12-

\\Jfserv\serv\cases\1464P\Beauchamp Bankruptcy\Adversary Complaint.doc

1       3  For punitive damages in the amount this court deems

2         proper;

3       4  For any such other relief as the court may deem proper.

4                     Respectfully submitted,

5  Dated: October 15, 2009      **FITZMAURICE & DEMERGIAN**

6

7

8

                      Jack F. Fitzmaurice, Esq.

9                    Attorney for Plaintiff

                    Rolando F. Abella and

10                  Josephine I. Abella.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\\Jfserv\serv\cases\1464P\Beauchamp Bankruptcy\Adversary Complaint.doc

# EXHIBIT A

A
14

11/29/2006 16:41 FAX 17607███077    COMMONWEALTH        ☑007

RECORDING REQUESTED BY:
COMMONWEALTH LAND TITLE COMPANY
RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
ROLANDO F. ABELLA
JOSEPHINE L. ABELLA
8530 CALLE CRISTOBAL
SAN DIEGO, CA. 92126

37376 DOC # 2003-0860968

JUL 18, 2003 4:59 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:    976.18
OC:          AFW

Space Above This Line for Recorder's Use Only

A.P.N.: 254-313-01          Order No.: 03662707-499-503          Escrow No.: 3-4732NB

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $936.10
computed on full value of property conveyed, or
computed on full value less value of liens or encumbrances remaining at time of sale,
unincorporated area; [ ] City of ENCINITAS, and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
SUSANNE REVIS, an Unmarried Woman

hereby GRANT(S) to ROLANDO F. ABELLA and JOSEPHINE L. ABELLA, HUSBAND AND WIFE
AS JOINT TENANTS
the following described property in the City of ENCINITAS, County of San Diego State of California:

See Exhibit "A" attached hereto and made a part hereof.


*Susanne Revis*
SUSANNE REVIS

Document Date: June 26, 2003

STATE OF CALIFORNIA                                          }SS
COUNTY OF San Diego
On July 7, 2003                    before me, Andrew T. Van Houten
personally appeared          Susanne Mary Revis
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature (Andrew) T. Van Houten

This area for official notarial seal.
ANDREW J. VAN HOUTEN
Commission # 1296372
Notary Public - California
San Diego County
My Comm. Expires Oct 17, 2005

Mail Tax Statements to:    SAME AS ABOVE or Address Noted Below

A
15

File No: 03662707

# 37377

## Exhibit "A"

All that certain real property situated in the County of San Diego, State of California, described as follows:

Lot 8 in Block 3 of South Coast Park No. 2, in the City of Encinitas, County of San Diego, State of California, according to Map thereof No. 1859, filed in the Office of the County Recorder of San Diego County on September 21, 1925.

EXCEPTING from said Lot 8 the Northeasterly 20.00 feet thereof No. as described in Deed to the State of California, recorded May 28, 1935 in Book 402, Page 296 of Official Records.

Assessor's Parcel Number:        254-313-01

CLTA Preliminary Report Form (Rev 1/1/95)

Page 3

Description: San Diego,CA Document-Year.DocID 2003.860968 Page: 2 of 2
Order: 11-29-2006 03-30-58 PM Comment: JOSEPHINE - 960 N. COAST XXXXXA

# EXHIBIT B

B
17

Case 09-90482-PB    Filed 10/19/09    Doc 1    Pg. 20 of 48

DOC # 2006-0097156

FEB 09, 2006    1:09 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:      10.00
DC         DC
PAGES:      2

2006-0097156

**RECORDING REQUESTED BY:**

Rolando F. Abella

**MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:**
Rolando F. Abella
Josephine L. Abella
8536 Calle Cristobal, San Diego, CA.
92126

APN: 384-312-01

8206

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

DOCUMENTARY TRANSFER TAX $ -0-

For valuable consideration, receipt of which is hereby acknowledged, Rolando F. Abella and Josephine L. Abella, husband and wife as joint tenants hereby REMISE, RELEASE AND QUITCLAIM to Rolando F. Abella and Josephine L. Abella, co-trustees of the Jasper Family Trust dated the 1st of January 2006 the real property situated in the County of San Diego, State of California, more particularly described as follows:

See Exhibit "A" attached hereto and made a part hereof.

Dated: 02-09-2006

Rolando F. Abella

Josephine L. Abella

STATE OF CALIFORNIA                    )
                                        )ss.
COUNTY OF San Diego                     )

On Feb 9, 2006 before me, Sherry Braird,
personally appeared Rolando Abella + Josephine L Abella
personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

Signature

SHERRY BRAIRD
Commission # 1467794
Notary Public - California
San Diego County
My Comm. Expires Feb 3, 2008

FOR NOTARY STAMP

MAIL TAX STATEMENTS AS DIRECTED ABOVE

B
18

8207

File No: 03662707

# Exhibit "A"

All that certain real property situated in the County of San Diego, State of California, described as follows:

Lot 8 in Block 3 of South Coast Park No. 2, in the City of Encinitas, County of San Diego, State of California, according to Map thereof No. 1859, filed in the Office of the County Recorder of San Diego County on September 21, 1925.

EXCEPTING from said Lot 8 the Northeasterly 20.00 feet thereof No. as described in Deed to the State of California, recorded May 28, 1935 in Book 402, Page 296 of Official Records.

Assessor's Parcel Number:        254-313-01

Description: San Diego,CA Document-Year.DocID 2006.97155 Page: 2 of 2
Order: 11-28-2006 03-30-30 PM Comment: JOSEFRIEDE - 960 N. COAST EIGENA

B
19

# EXHIBIT C

C
20

## NOTICE TO QUIT

(California Code of Civil Procedure Section 1161a Subdivision (b)4.)

TO: ROLANDO ABELLA AND ALL OTHERS IN POSSESSION:

YOU AND EACH OF YOU are hereby put on notice that within three (3) days after service upon you of this Notice you are required to quit and deliver up possession of the real property you occupy at the hereinafter-described address to the undersigned, as agent and representative of the owner thereof, or GREGORY S. BEAUCHAMP, who/which is authorized to receive the same.

This Notice is being given to you under the provisions of Subdivision (b)4, Section 1161a of the California Code of Civil Procedure, in that the subject property has been duly sold by you or a person under who you claim, and the title under the sale has been duly perfected.

In the event that you have not vacated and relinquished possession within three days after service of this Notice upon you, you will be subject to court proceedings in the form of an Unlawful Detainer proceeding, and will be responsible for all Court costs, and may be liable for additional statutory damages of up to SIX HUNDRED DOLLARS ($600.00) in accordance with California Code of Civil Procedure Section 1174(b), as a result of your failure to comply with the terms of this notice.

The premises of which you are required to surrender possession are situated in the City of Encinitas, county of San Diego, STATE OF CALIFORNIA, and designated by number and street as: 960 NORTH COAST HIGHWAY 101.

DATED: November 28, 2006

_____

Attorney for Landlord/Owner

**WENDY WILSON**
**Bar #240924**

# EXHIBIT D

D
22

Heloine S. Ashton
Shawn K. Barkhead
J. Kathleen Belville
Eric M. Bray
Richard L. Brown
Calvin Clements III
Michael J. Cody
Edward J. Corwin
Patricia A. Coyne
Shelley M. Crawford
Jane L. Creason
Lynn N. Dover
Shannon M. Erickson
Chris J. Evans
Andrea N. Garcia
Jeffrey N. Garland
Nicole D. Goodman
Paul L. Goodwin
James M. Grass, Jr.
Susan E. Greek
Leanne B. Haddad
Linda T. Hollenbeck
Tod Kimball
Danielle D. Kussler
Phong H. La

Kenneth E. Lange
Susan J. Lein
Efren A. Limbag
Craig D. McMahon
Jamil Nuzhwat
D. Patrick O'Laughlin
Abel Ortiz
Richard A. Ostrow
Christine M. Relph
Stacy Rubin
Jason L. Satterly
Kari P. Schlecht
Charles Scott
Sherman Shew
Puneet K. Singh
Cynthia D. Stelzer
Jamie J. Sternberg
Wendy St. John
Anita P. Tassviri
Robert C. Thorn
Patricia H. Tirey
Gary D. Urie
Sanford M. Wall
Wendy R. Wilson
Robert H. Winter, Jr.
Joyce C. Wong

L  A  W    O  F  F  I  C  E  S    O  F

# Kimball, Tirey & St. John LLP

1202 Kettner Boulevard, Fifth Floor
San Diego, California 92101
Telephone: (619) 234-1690
Facsimile: (619) 237-0457
www.kts-law.com

November 28, 2006

Re:    Beauchamp v. Abella

Dear Occupant(s):

Our firm has been retained to proceed with the eviction process if you fail to comply with the notice that has been served. This process will begin with filing a lawsuit against you for Unlawful Detainer.

Please understand that we will commence court action against you without further notice. In proceeding against you, we shall seek the reasonable rental value of the premises, court costs, service of process costs, additional costs as incurred, and the statutory penalty provided by law of an additional six hundred dollars ($600.00) for the unlawful detention of the premises you now occupy.

If we receive a judgment against you, the Sheriff will remove you from the premises. Our client could also garnish your wages, levy on your bank accounts, and/or attach your non-exempt personal property for judicial sale in order to collect all monies due.

In the event you comply with the terms of the notice within the time prescribed therein, however, an unlawful detainer lawsuit will not be filed based upon the notice served.

If you desire to contact our firm regarding this matter, please communicate in writing only; we will not discuss this case with you over the telephone or in person.

Please also understand that this correspondence is an attempt to collect the debt, and any information obtained will be used for that purpose.

Sincerely,

KIMBALL, TIREY & ST. JOHN

**WENDY WILSON**
**Bar #240924**

D
23

# EXHIBIT E

E
24

Hand delivered

Gregory Scott Beauchamp
452 Fourth St.
Encinitas, Ca. 92024

August 13, 2006

To: Rolando Abella

Subject: Acceptance by: Gregory Scott Beauchamp of
Ownership and Management of property located at
960 N. Hwy. 101 Encinitas, California
To be held in trust By Gregory Scott Beauchamp, Trustee

TERMS OF OWNERSHIP

1. Gregory Scott Beauchamp is to be Trustee and Settlor of the Jasper Family Revocable Trust.

2. To be named: The Jasper Family Trust.

3. Property transferred: 960 N. Coast Hwy. 101 Property is to be assigned free and clear of encumbrances to the Jasper Family Trust.

4. Gregory Scott Beauchamp will obtain financing not to exceed $500,000.00— Five hundred thousand dollars or 50% of the value of the property at the time of financing.

5. Gregory Scott Beauchamp, Trustee and Trustor of The Jasper Family Trust will have Ownership and control of 960 N HWY. 101 Encinitas, California 92024.

6. In return Rolando Abella will receive a secured interest in second position by NOTE and DEED of TRUST with a fixed payment amount of $4,166.66 per month, 1st payment starting on July 1st, 2007and to continue said payment for 20 years, payments to be mailed to 8530 Calle Crestobal 92126. Care of Rolando Abella . Grace period is to allow Gregory Scott Beauchamp time to complete renovation of subject property started by a prior tenant..

As per your terms, stated by oral agreement between Rolando Abella and Gregory Scott Beauchamp 8/13/2006 at the property of 960 N. Coast Hwy. 101..

This is to inform you that your proposal has and is,

ACCEPTED AS AGREED:

By: *[signature]* Gregg Scott Beauchamp    Date 8/13/06

E
25

# EXHIBIT F

F
26

8/14/2006

### OFFER TO SELL 960 N. Coast Hwy 101 Encinitas, California

Seller: Rolando Abella, Trustee, Jasper Family Trust.

Purchaser: Gregory Scott Beauchamp

Gregory Scott Beauchamp agrees to purchase 960 N. Coast Hwy 101 Encinitas, California for the sum of $1,000,000.00 US. Dollars. Payable over 20 years, 240 months at $4,166.66 per month.

No Escrow this is a private sale.

The property has been transferred by quick claim deed, 2006-0097156 to THE JASPER FAMILY TRUST in name only; Gregory Scott Beauchamp will no later than January 1, 2007 validate the JASPER FAMILY TRUST by Declaration of Revocable Trust with Gregory Scott Beauchamp as Settlor and Gregory Scott Beauchamp as Trustee under Declaration of Trust.

Gregory Scott Beauchamp will prepare a Grant Deed with Gregory Scott Beauchamp, Trustee, Jasper Family Trust and Grant to himself Gregory Scott Beauchamp, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY.

Prior to recording of the grant deed Gregory Scott Beauchamp will provide to, Rolando Abella an Acceptance as Agreed of these terms along with a Non-Interest Bearing Purchase Money Promissory Note and Deed of Trust Payable as stated above to be recorded after Gregory Scott Beauchamp obtains financing to renovate the property to office space and a coffee shop to be completed by July 1, 2007 at which time the 1st Payment is due.

If the above terms are not met by January 1, 2007, the offer to sell with the above terms will expire at 12:00 midnight January 1, 2007.

SELLER: _____

BUYER: _Gregory S. Beauchamp_

EXHIBIT D
Beauchamp
Deponent
Date 12-27-06   Rptr. PG
WWW.DEPOBOOK.COM

F
27

# EXHIBIT G

G
28

**RECORDING REQUESTED BY:**

JASPER FAMILY TRUST

**WHEN RECORDED MAIL TO:**

GREGORY SCOTT BEAUCHAMP, TRUSTEE;
452 FOURTH STREET
ENCINITAS
CA, 92024

**16520**

DOC # 2006-0817515

NOV 16, 2006    3:42 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J SMITH, COUNTY RECORDER
FEES:       21.00
OC:          OC
PAGES:        2

2006-0817515

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**APN: 254-313-01-00**          # GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX is $0.00          CITY TAX is $0.00
☒ computed on the full value of the property conveyed, or *intra Trust Transfer*
☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
☐ Realty not sold
☐ Unincorporated area    ☐ City of        , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
GREGORY SCOTT BEAUCHAMP, TRUSTEE, JASPER FAMILY TRUST, UDT 8/14/2006

hereby GRANT(S) to GREGORY SCOTT BEAUCHAMP, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

the following described real property in the City of ENCINITAS, County of SAN DIEGO, State of California:
As shown in Exhibit "A" attached hereto and made a part hereof, and commonly known as 960 N. COAST HWY. 101,
ENCINITAS, CA 92024

Dated: 10/15/2006

STATE OF CALIFORNIA         }ss
COUNTY OF SAN DIEGO         }

On  11/16/06 _____ before me
Arthur P. Arquilla, Notary

personally appeared  Gregory Scott Beauchamp

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal.

_Arthur P. Arquilla_

NOTARY SIGNATURE

_Gregory Scott Beauchamp, Trustee_

GREGORY SCOTT BEAUCHAMP, TRUSTEE, JASPER
FAMILY TRUST, UDT 8/14/2006

SPACE BELOW RESERVED FOR NOTARY SEAL

OFFICIAL SEAL
ARTHUR P ARQUILLA
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1628401
SAN DIEGO COUNTY
MY COMM. EXP. JAN. 7, 2010

G
29

16521

## Exhibit "A"

All that certain real property situated in the County of San Diego, State of
California, described as follows:

Lot 8 in Block 3 of South Coast Park No. 2, in the City of Encinitas, County of San
Diego, State of California, according to Map thereof No. 1859, filed in the Office
of the County Recorder of San Diego County on September 21, 1925.

EXCEPTING from said Lot 8 the Northeasterly 20.00 feet thereof No. as described
in Deed to the State of California, recorded May 28, 1935 in Book 402, Page 296
of Official Records.

Assessor's Parcel Number:        254-313-01

# EXHIBIT H

H
31

# TCG FINANCIAL

4 D Street, Ste. 1
NCINITAS, CA 92024
el 760-632-5601
x 1-800-778-5349

*Mailed* ~6/17/09~

## LOAN OPPORTUNITY

*How Bet ·*
*How Mcg SF.*
*Wate off Buddy*



| | |
|---|---|
| **LOAN AMOUNT:** | $300,000.00 |
| **FAIR MARKET VAULE:** | $975,000.00 Encinitas Beach House crossed onto $1,250,000.00 (Broker Opinion of Value) Sold in 2003 @ $851,000 as motel. Current Value based upon market and use conversion to class A office/retail/restaurant. |
| **LOAN TO VALUE:** | NOT TO EXCEED 75% (INCLUDING COST OF LOAN) w/ Cross to Motel/Commercial Property |
| **LOAN POSITION/TERMS:** | 2nd/3rd POSITION, 14%, 5 YEARS, INTEREST ONLY; CROSSED TO LOW LTV COMMERCIAL PROPERTY (MOTEL/RETAIL/OFFICE) |

*> 960 N cost Hwn   1) 300 K .*
*> Encnts*

| | |
|---|---|
| **LOCATION:** | ENCINITAS, CALIFORNIA 92024 |
| **PROPERTY TYPE:** | RESIDENTIAL & COMMERCIAL, ZONED CM-1, OVER 100 APPOVED USES. |

**PROPERTY DESCRIPTION:** Primary security is beach house at Moonlight Beach, Encinitas. Loan to be cross collateralized on 8 unit hotel/motel. Recent renovation has been performed to convert the second floor to class A office space. Future plan is to convert the first floor into class A office space with retail/restaurant at front of building facing Coast Hwy 101. Property has seven on site parking spaces and adequate handicap parking. Property lies in the path of coastal development with future uses permitted by existing zoning regulations. Property has Hwy 101 Frontage!

*( 452 4h ct )*
*( Encivins )*
*1) - 300 -*
*2) 260*
*( 560 K )*
*3) 300*

## DETAILS OF TRANSACTION:

1. New Loan will be in third position (or second with take-out of existing second of $260K)
2. Loan proceeds will be used to complete conversion of motel to retail/office/restaurant
3. OWNER WILL PRE-PAY FIRST 3 MONTHS THROUGH ESCROW
4. NO PRE-PAY PENALTY
5. INTEREST RATE @ 14% INTEREST ONLY
6. TERM: 5 Years, Interest Only (I/O)
7. ESCROW OPENED
8. TITLE PR ORDERED AND WILL BE PROVIDED UPON RECEIPT
9. New loan will be superior to $1,000,000 purchase loan and deed of trust

This is an outline of the loan transaction contemplated by the Broker. All terms are subject to change. This document is not intended to be a solicitation but a request for interest. Please direct all inquiries to John Conlon, Broker, TCG Financial, 760-521-3449, Fax 1-800-778-5349

Thank you,
TCG FINANCIAL

H
32

000001

# EXHIBIT I

RECORDING REQUESTED BY:
ALLIANCE TITLE - SAN DIEGO

DOC # 2007-0120140

FEB 22, 2007    11:53 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        27.00
PAGES:          7        DA:        1

2007-0120140

This Instrument was prepared by:
MVP INVESTMENTS
709 FREMONT AVE, STE B1
SOUTH PASADENA, CALIFORNIA 91030
626-441-6791        7660

WHEN RECORDED, MAIL TO:
MVP INVESTMENTS
709 FREMONT AVE, STE B1
SOUTH PASADENA, CALIFORNIA 91030

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

15243808

Order Number: 15243808

Assessor's Identification Number: C-ABV APNS

Loan Number: Beauchamp, Gregory

# DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

THIS DEED OF TRUST is made this 7th day of February, 2007, among the Trustor,
GREGORY SCOTT BEAUCHAMP ~~AN UNMARRIED MAN SOLE AND SEPARATE PROPERTY~~ whose address is 960 N
Coast Highway 101 Encinitas, CALIFORNIA 92024-3049 (herein "Borrower"),
and the Beneficiary, WILLIAM K. HO (AND/OR) SUNNI K. HO, OF THE HO FAMILY LIVING TRUST, DATED 4/28/1990,
ALLIANCE TITLE COMPANY, 5271 VIEWRIDGE CT STE 100, SAN DIEGO, CALIFORNIA 92123-1646, SAN DIEGO
(herein "Trustee"),
a corporation organized and existing under the laws of CALIFORNIA,
whose address is 709 FREMONT AVE, STE B1, SOUTH PASADENA, CALIFORNIA 91030 (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to
Trustee, in trust, with power of sale, the following described property located in the County of San Diego, State of California:

*TRUSTEE OF THE JASPER FAMILY TRUST, UDT    8/14/2006

See Attached Exhibit "A"

960 N COAST HWY 101 APN: 254-313-01-00 (PARCEL 1)
452 FOURTH STREET APN: 258-074-27 (PARCEL 2)

Parcel ID Number: C-ABV APNS                                        (herein "Property Address");

which has the address of    452 Fourth Street
                            Encinitas, CALIFORNIA 92024-3049

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents
(subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be
and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold
estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated February 7, 2007 and extensions
and renewals thereof (herein "Note"), in the principal sum of U.S. $130,000.00, with interest thereon, providing for monthly installments
of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on March 1, 2012; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of
the covenants and agreements of Borrower herein contained.

CALIFORNIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT
VMP-76(CA) (0510).01        Form 3805
                            Amended
                            Initials:

Page 1 of 6

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

VMP-76(CA) (0510).01                              Page 2 of 6                              Initials: _____ Form 3895

7662

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

VMP-79(CA) (0510).01                              Page 3 of 6                              Initials: _SAP_          Form 3803

Description: San Diego, CA Document-Year.DocID 2007.120140 Page: 3 of 7
Order: JO-03-19-2007 11-12-54 XM Comment:

**7663**

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

VMP-76(CA) (0510).01                        Page 4 of 8                        Initials:_____      Form 3803

Description: San Diego,CA Document-Year.DocID 2007.120140 Page: 4 of 7
Order: JO-03-19-2007 11-12-54 AM Comment:

## Exhibit A

**7666**

**DESCRIPTION:**

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

LOT 8 IN BLOCK 3 OF SOUTH COAST PARK NO. 2, IN THE CITY OF ENCINITAS, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1859, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON SEPTEMBER 21, 1925.

EXCEPTING FROM SAID LOT 8 THE NORTHEASTERLY 20.00 FEET THEREOF NO. AS DESCRIBED IN DEED TO THE STATE OF CALIFORNIA, RECORDED MAY 28, 1935 IN BOOK 402, PAGE 296 OF OFFICIAL RECORDS.

APN: 254-313-01-00 (PARCEL I)

AND:

THE EAST ½ OF LOT 7, BLOCK 42, IN THE CITY OF ENCINITAS, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF N. 148, SAID MAP RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY JUNE 12, 1883.

THE WEST ½ OF LOT 7, BLOCK 42, IN THE CITY OF ENCINITAS, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF N. 148, SAID MAP RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY JUNE 12, 1883.

APN: 258-074-27

# EXHIBIT J

J
39

1462 P.00 Lit

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

SUM-130

**FOR COURT USE ONLY**
**(SÓLO PARA USO DE LA CORTE)**

FILED
NORTH COUNTY DIVISION

2006 DEC 24  AM 8: 32

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* ROLANDO ABELLA, and DOES 1 TO 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* GREGORY BEAUCHAMP

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   **CASE NUMBER:** *(Número del caso):* **UN 022455**

   Superior Court of California, San Diego County, North County Branch
   325 South Melrose Drive, Vista, CA 92081

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   LARRY ROTHMAN (State Bar # 72451)    (714) 363-0220
   LARRY ROTHMAN & ASSOCIATES 1 City Boulevard West, Suite 850
   Orange, CA 92868

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date:
*(Fecha)* DEC 1 4 2006

Clerk, by **Patricia Scott** , Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)     [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2004]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167

*LexisNexis® Automated California Judicial Council*

| | | |
|---|---|---|
| PLAINTIFF *(Name):* GREGORY BEAUCHAMP, et al. | | **SUM-130** |
| DEFENDANT *(Name):* ROLANDO ABELLA, et al. | CASE NUMBER: | |

6.  Unlawful detainer assistant *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a.  Assistant's name:

   b.  Telephone no.:

   c.  Street address, city, and ZIP:


   d.  County of registration:

   e.  Registration no.:

   f.  Registration expires on *(date):*

*LexisNexis® Automated California Judicial Council*

J
41

**UD-100**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LARRY ROTHMAN  (State Bar # 72451)
LARRY ROTHMAN & ASSOCIATES
1 City Boulevard West, Suite 850, Orange, CA 92868

TELEPHONE NO: (714) 363-0220    FAX NO. (Optional): (714) 363-0229
E-MAIL ADDRESS (Optional): tocollect@aol.com
ATTORNEY FOR (Name): GREGORY BEAUCHAMP, Plaintiff

FOR COURT USE ONLY
F I L E D
NORTH COUNTY DIVISION
2006 DEC 24  AM 8: 33
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista 92081
BRANCH NAME: North County

PLAINTIFF: GREGORY BEAUCHAMP

DEFENDANT: ROLANDO ABELLA and DOES 1 TO 100

[X] DOES 1 TO 100

COMPLAINT — UNLAWFUL DETAINER*

[X] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number): _____

CASE NUMBER:
UN 022455

**Jurisdiction** (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded  [X] does not exceed $10,000
     [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF (name each): GREGORY BEAUCHAMP

alleges causes of action against DEFENDANT (name each): ROLANDO ABELLA and DOES 1 TO 100

2. a. Plaintiff is (1) [X] an individual over the age of 18 years. (4) [ ] a partnership.
       (2) [ ] a public agency. (5) [ ] a corporation.
       (3) [ ] other (specify):
  b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
960 NORTH COAST HIGHWAY 101
ENCINITAS , CA  92024

4. Plaintiff's interest in the premises is [X] as owner [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about (date):                    defendant (name each): see attachment 1

    (1) agreed to rent the premises as a [ ] month-to-month tenancy [ ] other tenancy (specify):
    (2) agreed to pay rent of $ _____ payable [ ] monthly [ ] other (specify frequency):
    (3) agreed to pay rent on the [ ] first of the month [ ] other day (specify):
  b. This [ ] written [ ] oral agreement was made with
    (1) [ ] plaintiff. (3) [ ] plaintiff's predecessor in interest.
    (2) [ ] plaintiff's agent. (4) [ ] other (specify):

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council

J
42

PLAINTIFF (Name): GREGORY BEAUCHAMP

CASE NUMBER:

DEFENDANT (Name): ROLANDO ABELLA and DOES 1 TO 100

6. c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ other (specify):

  d. ☐ The agreement was later changed as follows (specify):

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): ROLANDO ABELLA

was served the following notice on the same date and in the same manner:
  (1) ☐ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit
  (2) ☐ 30-day notice to quit          (5) ☒ 3-day notice to quit
  (3) ☐ 60-day notice to quit          (6) ☐ Other (specify):

  b. (1) On (date): December 4, 2006   the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. ☐ The notice included an election of forfeiture.

  e. ☐ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☐ by personally handing a copy to defendant on (date):
   (2) ☐ by leaving a copy with (name or description):
    a person of suitable age and discretion, on (date):    at defendant's
    ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on (date):    because defendant cannot be found at defendant's residence or usual place of business.
   (3) ☒ by posting a copy on the premises on (date): 11-29-06    ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date): 11-29-06
    (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
    (b) ☒ because no person of suitable age or discretion can be found there.
   (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

  b. ☐ (Name):
   was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

PLAINTIFF (Name): GREGORY BEAUCHAMP

CASE NUMBER:

DEFENDANT (Name): ROLANDO ABELLA and DOES 1 TO 100

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $
11. ☒ The fair rental value of the premises is $ 300.00                per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b).  *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
  a. possession of the premises.
  b. costs incurred in this proceeding:
  c. ☐ past-due rent of $
  d. ☐ reasonable attorney fees.
  e. ☐ forfeiture of the agreement.
  f. ☒ damages at the rate stated in item 11 from *(date):* December 4, 2006 for each day that defendants remain in possession through entry of judgment.
  g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
  h. ☒ other *(specify):*
      costs of suit

18. ☒ Number of pages attached *(specify):* 1

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. (*If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

  a. Assistant's name:
  b. Street address, city, and zip code:
  c. Telephone No.:
  d. County of registration:
  e. Registration No.:
  f. Expires on *(date):*

Date: December 12, 2006

LARRY ROTHMAN
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF )

# ATTACHMENT 1

Plaintiff purchased property from Defendant. Defendant was supposed to vacate property after close of escrow, but subsequent to the close of escrow remains and still possesses the property. Despite demand, Defendant still refuses to vacate the premises.

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE,

I have read the following:

SUMMONS AND COMPLAINT

I am the attorney for the Plaintiff in this action.  The Plaintiff's representative is absent from the county of the aforesaid where such attorneys have their offices, and where this complaint has been filed and I make this verification for and on behalf of that party for that reason.  The matters stated in the foregoing document are true to the best of my knowledge based upon information and belief.

DATED:  December 12, 2006

I declare under penalty of perjury that the foregoing is true and correct and executed on this date in Orange, California.

LARRY ROTHMAN